# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Erin C. Harves, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. 06-2087-KHV |
| B J B, L.L.C., a Minnesota business entity doing business as Agri-Trading, Dale Baker, Bret Johnson and Stephen Borstad, | ) ) ) ) ) ) |
| Defendants/Third-Party Plaintiffs. | ) ) |

**PROTECTIVE ORDER**

Upon joint motion and stipulation by Erin C. Harves ("Plaintiff"), B J B, L.L.C., a Minnesota business entity doing business as Agri-Trading, Dale Baker, Bret Johnson and Stephen Borstad, ("Defendants and Third-Party Plaintiffs") and E&H Specialty Sale, L.L.C., ("Third-Party Defendant") (collectively the "Parties" hereto), pursuant to Federal Rule of Civil Procedure 26(c), for entry of a protective order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and insure that protection is afforded only to such deemed material, and for good cause shown, it is hereby **ORDERED:**

1.  **Confidential Information**.  The parties have agreed that the documents and information produced or disclosed during this litigation shall be used only for purposes of this lawsuit.  The parties have further agreed that certain documents and information, if produced or disclosed during this litigation, should be treated as confidential.  As used in this Order, the term "Confidential Information" shall be applicable to any documents produced by a party consisting of or regarding: (1) confidential proprietary information; (2) trade secrets; (3) financial and fiduciary information; (4) confidential information regarding employees and personnel files; (5) confidential customer and client information; and (6) private or confidential information regarding people not parties to this case.  All the foregoing information, as well as any documents, designated portions

of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described Confidential Information is hereby designated as "Subject to Protective Order."

2.      **Limited Disclosure of Confidential Information.**  Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as Subject to Protective Order are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

      a.      Counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, employees and agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

      b.      The parties;

      c.      Persons with prior knowledge of the documents or the Confidential Information contained therein;

      d.      Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court;

      e.      Any independent document reproduction services or document recording and retrieval services;

      f.      Any potential witness, concerning a matter to which the document refers and any counsel for such potential witness;

      g.      Any witness called to testify at deposition or trial;

      h.      An expert witness retained by one or more parties; or

      i.      Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order.

In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

3. **No Disclosure of Confidential Information**. The Parties may designate Confidential Information furnished in this action as Information for "Attorneys' Eyes Only" if the Information is proprietary and the party or the party's counsel reasonably believes the Information could be used by another party to damage the party producing the Information currently or in the future. Attorneys' Eyes Only Information shall not be disclosed to any person other than:

    a. Counsel for the Parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation;

    b. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    c. An expert retained by either party; or

    d. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or agreement of the Parties after complying with the provisions of paragraph 5 hereof.

This provision relating to "attorneys' eyes only" is agreed to by the Parties to facilitate the prompt exchange of information. Any information produced and designated "attorneys' eyes only" shall be initially disclosed only to counsel at the offices of opposing counsel. Should the receiving party thereafter object to the designation of "attorneys' eyes only," the receiving party shall send a written notice, via facsimile or e-mail, indicating the specific information the receiving party objects to being protected as "attorneys' eyes only" and identifying the individuals to whom the receiving party desires to disclose the information. The producing party shall, within fourteen (14) regular business days of such notification, either file a motion with the Court indicating its objection

or acquiesce in the receiving party's decision to further disclose the information subject to the terms of this Order as related to Confidential Information. If such a motion is timely filed by the producing party, the receiving party shall limit disclosure of the information in accordance with the "attorneys' eyes only" designation described above until such time as the Court rules on the motion.

4. **Designating documents and information as confidential.** Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the document or response with the word "Subject to Protective Order" or "Subject to Protective Order – For Attorneys' Eyes Only." Documents or responses shall not be treated as Confidential pursuant to this Order unless they are stamped or labeled as "Subject to Protective Order" or "Subject to Protective Order – For Attorneys' Eyes Only." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information. The parties and their counsel shall not photocopy any documents which fall under this Order unless such photocopies are needed as part of this litigation.

5. **Obtain Acknowledgement**. Prior to disclosure of any Confidential Information to any person identified in paragraphs 2(f), 2(g), 2(h) or 3(c), such person shall be given a copy of this Order and shall certify via a written agreement, attached hereto as Exhibit A, that he/she has read and understands this Order and agrees to comply with its terms. The party providing Confidential Information to such person shall hold the signed statement of each such person. Such statements shall be produced to counsel for the opposing party upon written demand.

6. **Use of Confidential Information**. Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. Confidential Information shall not be used for any purpose other than in connection with this case and any appeals arising

therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or any one outside of this proceeding, for any purpose, other than as set forth in this Order.

7. **Maintaining Confidentiality**. The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

8. **Filing Confidential Information**. In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information and used therein under seal. In the event the court grants the party's motion, such information shall be maintained under seal by the court and shall be treated as Confidential.[1]

9. **Confidential Information in Depositions**. Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are confidential. Until expiration of the thirty day period, the entire transcript will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

10. **Subject to Court's Jurisdiction**. Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction

---

[1] *See, e.g.*, *Holland v. GMAC Mort. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004)(same).

of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Agreed Protective Order.

11. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence has indicated on any Exhibit List any proposed exhibits that are designated as Confidential Information. Any party may move the Court for an Order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial. Under no circumstances shall the jury be advised that certain information has been designated "Confidential Information."

12. **Return of Confidential Information**. Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, and a request from the opposing party:

> a. Counsel of record for each party receiving Confidential Information shall return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;
>
> b. All persons who received any Confidential Information shall return to the producing party (or to counsel) all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 12.a.; and
>
> c. Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things, together with all notes, copies, abstracts, memoranda, excerpts, or other parts, have been returned to the producing party or destroyed in

accordance with the terms of paragraphs 12.a. and 12.b. above.

13.     **No Admission**.  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2006 at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have been furnished a copy of a protective order entered into in *Erin Harves v. B J B L.L.C., et al.* I have read it, understand it, and agree to be bound by it. I agree that I will abide by the terms of the Protective Order and that the CONFIDENTIAL documents, including any portion thereof, which I am furnished in this case, will not be disclosed, directly or indirectly, to any person other than those qualified under the Protective Order to see them.

_____
Signature

_____
Date